IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR J. FLUXA, MARISOL P. FLUXA, in their individual capacities and as co-administrators of their conjugal partnership<br><br>Plaintiffs<br><br>vs<br><br>BANCREDITO INTERNATIONAL BANK CORPORATION, INSURANCE AGENCY ABC, INC.<br><br>Defendants | CIVIL 15-1000CCC |

**OPINION AND ORDER**

Defendant Bancrédito International Bank Corporation (hereafter "Bancrédito") moved for summary judgment on January 26, 2017 (d.e. 37). The Court denied Bancrédito's motion on April 11, 2017 (d.e. 45) because it could not conclude, as a matter of law, that because plaintiff Víctor J. Fluxa hereafter "Fluxa") opted against the relation ordered to Puerto Rico, he terminated at will his employment contact. However, in proceedings before the Court on July 10, 2017, it acknowledged that in ruling on Bancrédito's motion for summary judgment, it did not address Bancrédito's position that Fluxa's employment agreement is, as a matter of law, regulated by the laws of the State of Florida, not by the laws of the Commonwealth of Puerto Rico.

*See* d.e. 57.

Before the Court is now Bancrédito's Motion for Declaratory Judgment (**d.e. 50**) filed on June 19, 2017 pursuant to 28 U.S.C. §§ 2201 and 2202, requesting that the Court declare that Fluxa's employment contract is regulated by the laws of the State of Florida and that plaintiffs Fluxa and his wife Marisol P. Fluxa are not entitled to any relief under the laws of the Commonwealth of Puerto Rico. The Court notes that a *motion* for a declaratory judgment is inconsistent with the Federal Rules of Civil Procedure. Rather, a party must bring an *action* for a declaratory judgment. *See Int'l Bhd. of Teamsters v. E. Conference of Teamsters,* 160 F.R.D. 452, 456 (S.D.N.Y. 1995) (construing a motion for declaratory relief as a motion for summary judgment on an action for a declaratory judgment). The proper vehicle for Bancrédito's request would have been to file a motion to reconsider denial of summary judgment. Having construed said Motion for Declaratory Judgment as a Motion for Reconsideration of the Court's April 11, 2017 order denying defendant's Motion for Summary Judgment (d.e. 45), and considered those portions of defendant's Motion for Summary Judgment (d.e. 37) and Memorandum in Support Thereof (d.e. 38) which specifically address the choice of law issue, Bancrédito's Motion for Reconsideration is GRANTED.

Having found that Fluxa's employment contract is regulated by the laws of the State of Florida, the Court reconsiders Bancrédito's Motion for Summary Judgment (d.e. 37).

### I.   Legal Standard: Rule 56 Motion

Under Federal Rule of Civil Procedure 56, the Court may grant a movant's motion for summary judgment when "the pleadings, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); *NASCO, Inc. v. Pub. Storage, Inc.*, 29 F.3d 28 (1st Cir. 1994). A "material issue" is one that affects the outcome of the litigation; therefore, if a factual issue is not relevant to the resolution of the controlling legal issues, summary judgment should be granted.   *Pignons S.A. de Mecanigne v. Polaroid Corp.*, 657 F.2d 484 (1st Cir. 1981); *Finn v. Consolidated Rail Corp.*, 782 F.2d 13 (1st Cir. 1986); *Molinos de Puerto Rico v. Sheridan Towing Co.*, 62 F.R.D. 172 (D.P.R. 1973).

Once the party moving for summary judgement has established an absence of material facts in dispute, and that he or she is entitled to judgement as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." *Méndez-Laboy v. Abbott Lab.*, 424 F.3d 35, 37 (1st Cir. 2005) (quoting *Maldonado Denis v. Castillo Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994)).   "The nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial

worthy issue . . . Failure to do so allows the summary judgment engine to operate at full throttle." *Id.*; *see also Kelly v. United States*, 924 F.2d 355, 358 (1st Cir. 1991) (warning that the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence).

## II. Findings of Uncontested Material Facts

The following material facts are uncontested:

1. The Fluxas are and have been, at all relevant times, residents of the State of Florida. d.e. 1. ¶ 2.

2. Fluxa was interviewed in the State of Florida by Transearch International, an executive search company, which presented him with a job offer as Bancrédito's Vice President of Technology in the State of Florida. d.e. 15-1, p. 26.

3. Fluxa accepted the job offer and the corresponding terms and conditions of his employment with Bancrédito in the State of Florida. *Id.*

4. Fluxa performed all his job duties in the State of Florida. d.e. 1, ¶¶ 13-14.

5. Fluxa's employment contract is a "termination at will" agreement which in its pertinent part provided: "[y]ou may resign your employment, and BANCREDITO INTERNATIONAL BANK likewise

may terminate your employment, at any time, for any reason, without cause or notice. Any prior oral or written representations to the contract are void, and our at will relationship may not be modified except by a formal written employment contract signed by an officer of BANCREDITO INTERNATIONAL BANK." d.e. 37-2, p. 2.

6. Bancrédito requested Fluxa to relocate to Bancrédito's offices in San Juan, Puerto Rico by July 1, 2014 as a condition to maintain his employment on two occasions.

7. Bancrédito first requested Fluxa to relocate to Puerto Rico during a Board of Directors Meeting held in Miami, Florida on May 22, 2014. d.e. 37-2, p. 14, ¶ 6.

8. Bancrédito again requested Fluxa to relocate to Puerto Rico during a Board of Directors Meeting held in Miami, Florida on June 12, 2014. *Id.*

9. Fluxa opted not to comply with either of Bancrédito's requests and did not relocate to defendant's offices in San Juan, Puerto Rico by July 1, 2014. *Id.*

## III.  Conclusions of Law

Having considered the entirety of the record as required under Rule 56(c), the Court finds there is no issue of material fact as to whether Fluxa voluntarily terminated his employment contract with Bancrédito.

Under Florida law, issues of contract law are evaluated under the lex loci contractus rule, whereby the substantive obligations of contracts are governed by the law of the place where the contract is made. *See Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1119 (11th Cir. 1996). Thus, under Florida law, "a contract is made where the last act necessary to complete the contract is performed." *Id.* (referring to *Jemco, Inc. v. United Parcel Serv., Inc.*, 400 So.2d 499, 500–01 (Fla.Dist.Ct.App.1981), rev. denied, 412 So.2d 466 (Fla.1982)).

There is no doubt that Fluxa performed the last step to complete his employment agreement in Florida. He accepted the position of Bancrédito's Vice President of Technology while present in the state of Florida upon executing the at will contract as attested by his signature alongside that of Bancrédito's Chairman on January 20, 2013. d.e. 37-2, p. 2. Consequently, the substantive obligations of his contract are regulated under Florida Law, not the laws of the Commonwealth of Puerto Rico. His employment agreement explicitly stated "that the employment [Bancrédito] offers you is terminable at will. This means that our employment relationship is voluntary and based on mutual consent." *Id.* By failing to report to Bancrédito's offices in San Juan, Puerto Rico by July 1, 2014, the Court finds there is no genuine issue of material fact as to Mr. Fluxa's voluntary termination of his employment with Bancrédito.

## IV.   Conclusion

Because there is no real controversy regarding the material facts of the case, and having granted Bancrédito's Motion for Reconsideration (**d.e. 50**), Bancrédito's Motion for Summary Judgment (**d.e. 37**) is also GRANTED. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 20, 2018.


S/CARMEN CONSUELO CEREZO
United States District Judge